STATE OF MAINE
*vs.*
ADELAIRD BONNEAU

STATE OF MAINE
*vs.*
CUMBERLAND FARMS NORTHERN, INC.

Cumberland County.   Opinion, December 17, 1964.

*John W. Benoit, Asst. Atty. General,* for State.

*Berman, Berman, Wernick & Flaherty,*
   by: *Sidney W. Wernick, Esq.,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

TAPLEY, J.   These cases are before us on report.

### STATE v. BONNEAU

The defendant, Adelaird Bonneau, was charged, by complaint, with selling one-half gallon of unflavored skimmed

milk at a total price of twenty-nine cents (29c), which price was less than the scheduled minimum price established for the Portland Market, Zone One, State of Maine, by the State of Maine Milk Commission. In the Municipal Court the defendant waived reading and hearing, pleaded not guilty, was found guilty and sentenced to a $10.00 fine, whereupon he appealed to the October Term, 1963 of the Superior Court, within and for the County of Cumberland. By agreement of parties the case was ordered reported to the Law Court upon stipulation of facts. The issues stated in the order are:

"(1) whether the agreed facts are sufficient to show the Commission of the offense charged in the complaint; and (2) whether the statute on which the proceeding is based and pursuant to which the Maine Milk Commission acted is constitutional."

The facts stipulated are as follows:

"On August 31, 1963 at Portland in the County of Cumberland and State of Maine, Adelaird Bonneau, then of New Bedford, County of Bristol and Commonwealth of Massachusetts, and then commorant of Portland, County of Cumberland and State of Maine, did sell one-half gallon of unflavored skimmed milk at a total price of twenty-nine cents (29¢) to Walter B. Steele, Jr. Said price of twenty-nine cents (29¢) was less than the scheduled minimum price established for the Portland market Zone 1, State of Maine, by the State of Maine Milk Commission, the said Commission acting pursuant to the provisions of Chap. 33, R. S. of Maine, 1954 as amended, said minimum price being thus established at thirty-five cents (35¢) for one-half gallon of unflavored skimmed milk."

STATE V. CUMBERLAND FARMS, INC.

The defendant, Cumberland Farms Northern, Inc., by complaint, was alleged to have offered to sell milk as a licensed dealer,

"for a price less than the scheduled minimum price established by the State of Maine Milk Commission for the Portland Market, Zone One, State of Maine, to wit: did offer to sell one half gallon of unflavored skimmed milk at a total price of twenty-nine cents, - - . "

The defendant waived reading and hearing in the Municipal Court, pleaded not guilty, was found guilty and sentenced to pay a fine of $10.00. Appeal was taken to the Superior Court. The parties agreed to report the case on stipulation of facts, the order reporting the case contained the same issues as is set forth in the *Bonneau* case. The stipulation of facts reads as follows:

"On August 31, 1963 at South Portland, County of Cumberland, State of Maine, Cumberland Farms Northern, Inc., a foreign corporation, duly licensed to do business and doing business in said South Portland, did, in the Portland Press Herald, a newspaper of general circulation in said County and published on said day, offer to sell milk as a licensed dealer for a price less than the scheduled minimum price established by the State of Maine Milk Commission for the South Portland Market, Zone One, State of Maine, said Commission acting pursuant to the provisions of Chap. 33, R. S. of Maine, 1954 as amended, to wit: did offer to sell one-half gallon of unflavored skimmed milk at a total price of twenty-nine cents (29¢) when the minimum price established by the said Commission, as described aforesaid, was thirty-five cents (35¢) for one-half gallon of unflavored skimmed milk."

This court, in the case of *Maine Milk Commission* v. *Cumberland Farms Northern, Inc.* (Law Docket # 577), re-

cently certified, determined that the Maine Milk Commission Law is constitutional. This dispsoes of the constitutional issue in the instant cases.

The next issue for us to determine is, "Whether the agreed facts are sufficient to show the commission of the offense charged in the complaint."

Sec. 4 of Chap. 33, R. S., 1954, as amended, provides in part:

"- - - no dealer, store or other person handling milk in such market shall buy or offer to buy, sell or offer to sell milk for prices less than the scheduled minimum prices established for that market."

A violation of this provision of statute is a criminal offense. Sec. 9, Chap. 33, R. S., 1954, as amended.

We have examined the complaints in each case and the stipulation of facts. We are of the opinion, and so find, that the complaints are well pleaded and that the facts as stipulated constitute a violation of the statute.

The order will be in each case:

*Judgment for the State.*
*Remanded to the Superior Court*
*for imposition of sentence.*